United States District Court
Southern District of Texas
**ENTERED**
December 15, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **LEONEL RODRIGUEZ GONZALEZ,** | § § § | |
| Petitioner, | § § | |
| v. | § § | **Civil Action No.** 1:25-cv-305 |
| **PAMELA JO BONDI,** *et al.*, | § § | |
| Respondents. | § § | |

## ORDER

Before the Court is Petitioner Leonel Rodriguez Gonzalez's "Petition for Writ of Habeas Corpus" (Gonzalez's "§ 2241 Petition"). Dkt. No. 1. Gonzalez, a Mexican citizen, claims that his detention violates the Immigration and Nationality Act ("INA"), and he requests relief pursuant to "the Court's judgment in *Maldonado Bautista*." *Id*. at 6.

It does not plainly appear from the § 2241 Petition that Gonzalez is not entitled to the requested relief. Gonzalez's allegations, taken together, suffice to raise genuine questions as to whether his continued detention violates federal law and the United States Constitution. Therefore, the Court must "forthwith award the writ [of habeas corpus] or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained," and must be returned within three days unless good cause exists to require additional time, not to exceed twenty days. *Id*.

The United States Supreme Court has made clear that for the purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner with the ability to produce the petitioner before the Court.

*Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court, then, notes that the proper respondent is the custodial officer of the facility where Gonzalez is detained. *See id.*

Here, Gonzalez is held at the Port Isabel Detention Center ("PIDC") in Los Fresnos, Texas. Dkt. No. 1 at 1. Gonzalez's custodian then, would appear to be the warden of PIDC, Joan Milner. *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining…the custody of the prisoner."); *see e.g. David v. Venegas*, No. 1:25-cv-00136, Dkt. No. 7 at 1–2 (S.D. Tex. 2025) (Torteya, J.) (directing the Clerk of Court to substitute Venegas for El Valle Detention Facility as the proper respondent in a § 2241 habeas action).

It is **ORDERED** that Milner has **20 days** from the service of the § 2241 petition to state why the writ of habeas corpus should not issue. If Gonzalez chooses to file a reply or other response to Milner's response, he must do so within **15 days** of receiving Milner's response.

The Clerk of Court is **DIRECTED** to correct the docket to reflect Joan Milner as the respondent, and to terminate all other listed respondents. If Milner is no longer the custodial officer for PIDC, the Government shall inform the Court of who is the proper respondent.

**SO ORDERED.**

SIGNED on this **15th** day of **December, 2025**, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge